## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

IN RE:     ETHICON, INC.,
           PELVIC REPAIR SYSTEM
           PRODUCTS LIABILITY LITIGATION                MDL No. 2327

THIS DOCUMENT RELATES TO:

*Richardson, et al. v. Ethicon, Inc., et al.*                Civil Action No. 2:13-cv-15913

### MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion to Dismiss with Prejudice filed by Ethicon, Inc., and

Johnson & Johnson (collectively "Ethicon"). [ECF No. 11]. Plaintiffs have responded, Ethicon has

replied, and I have considered the parties' filings.

Ethicon's Motion arises from this court's Order [ECF No. 10], entered on August 14, 2015,

denying Ethicon's Motion for Sanctions, including monetary penalties, dismissal and any other

sanction deemed appropriate by the court, for failure to file a Plaintiff Profile Form ("PPF") in

compliance with Pretrial Order # 17.  In reaching this decision, I relied on *Wilson v. Volkswagen*

*of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors

that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with

discovery. (*See* Order [ECF No. 10], at 4–7 (applying the *Wilson* factors to the plaintiffs case)).[1]

Concluding that the first three factors weighed in favor of sanctions as requested by Ethicon, I

---

[1] The *Wilson* factors are as follows:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his
> noncompliance caused his adversary, which necessarily includes an inquiry into the materiality
> of the evidence he failed to produce; (3) the need for deterrence of the particular sort of
> noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at
503–06).

nevertheless declined to award the requested sanction because it would offend the court's duty under *Wilson's* fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiff "a final chance to comply with discovery." (*Id.* at 6). I afforded her 30 business days from the entry of the Order to submit to Ethicon a completed PPF, with the caveat that a failure to do so "will result in dismissal with prejudice upon motion by the defendant." (*Id.* at 7). Despite this warning, the plaintiffs have again refused to comply with this court's orders and did not provide Ethicon with their PPF within the 30-day period. Consequently, Ethicon moved to dismiss the case with prejudice.

Because the less drastic sanction instituted against the plaintiffs has had no effect on their compliance with and response to this court's discovery orders, which the plaintiffs have continued to blatantly disregard, I find that dismissal with prejudice is now appropriate. For the reasons explained in my August 14, 2015 Order [ECF No. ], it is **ORDERED** that Ethicon's Motion to Dismiss with Prejudice [ECF No. 11] is **GRANTED**, and this case is **DISMISSED with prejudice**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:  June 6, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE