IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                MDL No. 2327

THIS DOCUMENT RELATES TO:

*Richardson, et al. v. Ethicon, Inc., et al.*               Civil Action No. 2:13-cv-15913

MEMORANDUM OPINION AND ORDER

It is **ORDERED** that the court's June 6, 2016 order [ECF No. 15] is **VACATED**. Pending before the court is a Motion to Dismiss with Prejudice filed by Ethicon, Inc., and Johnson & Johnson (collectively "Ethicon"). [ECF No. 11]. Plaintiffs have responded, Ethicon has replied, and I have considered the parties' filings. For the reasons stated below, Ethicon's Motion to Dismiss is **DENIED**.

I. Background

Ethicon's Motion arises from this court's Order [ECF No. 10], entered on August 14, 2015, denying Ethicon's Motion for Sanctions, including monetary penalties, dismissal and any other sanction deemed appropriate by the court, for failure to file a Plaintiff Profile Form ("PPF") in compliance with Pretrial Order No. 17. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. *See* Order [ECF No. 10], at 4–7 (applying the *Wilson*

factors to the plaintiffs' case).[1] Concluding that the first three factors weighed in favor of sanctions as requested by Ethicon, I nevertheless declined to award the requested sanction because it would offend the court's duty under *Wilson's* fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiffs "a final chance to comply with discovery." (*Id.* at 6). I afforded the plaintiffs 30 business days from the entry of the Order to submit to Ethicon a completed PPF, with the caveat that a failure to do so "will result in dismissal with prejudice upon motion by the defendant." (*Id.* at 7). Despite this warning, the plaintiffs did not provide Ethicon with their PPF within the 30-day period. Consequently, Ethicon moved to dismiss the case with prejudice.

After Ethicon filed this motion to dismiss and the time for responding had passed, the plaintiffs served Ethicon with a PPF and filed their response with the court. The plaintiffs, however, failed to include necessary signed authorizations that accompany a completed PPF.

## II. Legal Standard

Federal Rule of Civil Procedure 37(b)(2) provides that a court may issue "just orders" when a party fails to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A).

---

[1] The *Wilson* factors are as follows:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

In the MDL world, this authority has particular significance. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality," and to carry out this task in a smooth and efficient manner, the judge must establish and, more importantly, enforce rules for discovery. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). Rule 37(b)(2) supplies the tool for this enforcement, allowing a judge to impose sanctions when a party fails to comply with the court's discovery orders. *See id.* at 1232 ("[A] willingness to resort to sanctions, sua sponte if necessary, may ensure compliance with the [discovery] management program." (internal citation omitted)); *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively.").

### III. Discussion

The first three previously mentioned *Wilson* factors demonstrate that this court is justified in sanctioning the plaintiffs. The fourth *Wilson* factor, the effectiveness of lesser sanctions, however, assists the plaintiffs. The plaintiffs and their attorney at least attempted to comply following the court's initial order that granted them an additional 30-days to serve the PPF. As the plaintiffs have now largely cured the discovery violation, the court finds that lesser sanctions, other than the requested dismissal with prejudice, would be most effective.

The circumstances of this case lead me to impose the sanction provided in Rule 37(b)(2)(C), which requires the disobeying party to pay "the reasonable expenses,

3

including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The plaintiffs do not provide any justification for their failure to timely submit to discovery over such a long period of time. Furthermore, there are no circumstances that make this sanction unjust. Although the discovery violation has since been cured, it nevertheless resulted in litigation expenses for Ethicon. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs.

    Considering the economic and administrative realities of multidistrict litigation, where the cost of preparing and serving even the most elementary of motions can quickly and easily add up, I find that a minimal representative valuation of Ethicon's expenses is $2000. This number accounts for the time and money Ethicon spent identifying the plaintiffs as one of the non-compliant plaintiffs; assessing the effect of the plaintiffs' discovery violations; drafting multiple motions for sanctions; serving the motions; and replying to the plaintiffs' briefs in opposition. This dollar amount further reflects that Ethicon has been forced to expend additional time and resources because the plaintiffs did not sign the required verifications when they served the PPF. All knowledgeable MDL counsel would consider these efforts, which could have been avoided had the plaintiffs followed the court's order, to be worth $2000 at the least.

I.  Conclusion

It is therefore **ORDERED** that the plaintiffs have **30 business days** from the entry of this Order to provide Ethicon with the necessary signed authorization forms and to pay Ethicon **$2000** as minimal partial compensation for the reasonable expenses caused by the plaintiffs' failure to comply with discovery.[2] In the event that the plaintiffs do not provide adequate or timely payment and signed authorization forms, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion by the defendants. Finally, it is **ORDERED** that plaintiffs' counsel send a copy of this Order to the plaintiffs via certified mail, return receipt requested, and file a copy of the receipt.

The court **DIRECTS** the clerk to reinstate this case to the active docket, remove the Closed flag, and send a copy of this Order to counsel of record and any unrepresented party.

ENTER:  June 23, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] The court directs Ethicon to communicate with plaintiffs' leadership regarding payment instructions.

5